J-S44009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
v. :
:
:
CRAIG LAMONT EZELL JR. : No. 664 MDA 2022

Appeal from the PCRA Order Entered April 13, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001445-2017

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: APRIL 18, 2023**

The Commonwealth of Pennsylvania appeals from the order entered on April 13, 2022, granting Craig Lamont Ezell, Jr.'s amended petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and vacating Ezell's judgment of sentence. On appeal, the Commonwealth argues the PCRA court erred in finding plea counsel had been ineffective. We find the record supports the PCRA court's decision. Accordingly, we affirm.

On June 19, 2018, Ezell entered a negotiated guilty plea to three counts of possession of firearm prohibited, and one count each of use or possession of drug paraphernalia, possession with intent to deliver a controlled substance,

_____

[*] Retired Senior Judge assigned to the Superior Court.

and obliterating a mark of identification on a firearm. Plea counsel explained that Assistant United States Attorney William Behe ("AUSA Behe") had contacted counsel and was threatening to indict Ezell on federal charges if Ezell did not plead guilty to the state charges. N.T., Guilty Plea Hearing, 6/19/18, at 3 ("This plea is in lieu of a federal indictment, per [AUSA] Behe."). Plea counsel withdrew a previously filed suppression motion and reiterated that Ezell was entering his plea because of the threat of a federal indictment with the possibility of a harsher federal sentence. *Id*. at 3-4 ("This is in lieu of federal indictment .... [Ezell] has made the decision knowingly [] that federal indictment is not coming down now, and should he withdraw his plea, it will be."). AUSA Behe did not appear at the plea hearing and no documentation of any communications with the U.S. Attorney's Office were provided to the court. The court accepted the plea and deferred sentencing at Ezell's request.

Sentencing took place on December 28, 2018. In the interim between Ezell's guilty plea and sentencing, the trial court granted the suppression motions filed by Ezell's co-defendants and the Commonwealth dropped the charges against them. *See* N.T., Sentencing Hearing, 12/28/18, at 3. Plea counsel acknowledged the state charges against Ezell could be dropped, but noted that AUSA Behe was still threatening to press federal charges against Ezell. Plea counsel indicated that if a similar suppression motion was unsuccessful in federal court, Ezell would likely be sentenced to fifteen years' federal imprisonment. Plea counsel stated he was advising Ezell not to

withdraw his guilty plea. Ezell agreed, and the court sentenced him to five to ten years' imprisonment in accordance with the plea agreement. Ezell did not file post-sentence motions or a direct appeal.

On May 17, 2019, Ezell filed a *pro se* PCRA petition. PCRA counsel was appointed, but did not file an amended petition. Instead, on June 17, 2019, counsel filed a motion to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc). Only two days later, the PCRA court granted counsel leave to withdraw, and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving extensions of time, Ezell filed a response to the Rule 907 notice and sought leave to file an amended PCRA petition to raise claims of ineffective assistance of plea counsel and PCRA counsel. The PCRA court subsequently dismissed the petition after denying leave to amend. Ezell filed a timely appeal.

On June 6, 2021, a panel of this Court vacated the order dismissing Ezell's PCRA petition, finding the PCRA court erred by not providing Ezell with an opportunity to respond to PCRA counsel's motion to withdraw before granting it, and in denying Ezell's request for leave to amend his PCRA petition. ***See Commonwealth v. Ezell***, 258 A.3d 489 (Pa. Super. filed June 2, 2021) (unpublished memorandum). Further, this Court found Ezell's claims of ineffective assistance of PCRA and plea counsel had arguable merit. ***See id***. Accordingly, we vacated the PCRA court's order dismissing the PCRA petition

- 3 -

and remanded for the PCRA court to appoint new PCRA counsel, grant new PCRA counsel leave to file an amended PCRA petition, and hold an evidentiary hearing. *See id*.

New PCRA counsel was appointed and filed an amended PCRA petition, asserting (1) plea counsel was ineffective for advising Ezell to plead guilty under federal duress, and (2) PCRA counsel was ineffective for failing to raise the ineffectiveness of plea counsel. On April 13, 2022, after an evidentiary hearing, the PCRA court granted Ezell's amended PCRA petition and vacated his guilty plea and sentence.

On May 4, 2022, the Commonwealth filed a notice of appeal, purportedly from a January 5, 2022 trial court order granting a suppression motion. There is no trial court docket entry for January 5, 2022. However, the order appealed from that is attached to the Commonwealth's notice of appeal and docketing statement is the April 13, 2022 order granting PCRA relief and vacating Ezell's judgment of sentence. The April 13, 2022 order is entered on the PCRA court docket, and the Commonwealth's docketing statement indicates that the instant appeal is from the April 13, 2022 order.

Because the notice of appeal did not refer to the correct order, this Court directed the Commonwealth to show cause why the instant appeal should not be quashed as having been taken from an order that is not entered upon the appropriate docket of the lower court and as untimely filed. The Commonwealth filed a response, confirming the appeal was taken from the

April 13, 2022 PCRA order, and explaining that the notice of appeal was adapted from another case and counsel neglected to revise it to include the correct order. This issue was referred to the merits panel.

Although the Commonwealth's notice of appeal purports to appeal from a non-existent order, our review of the record reveals the Commonwealth clearly intended to appeal the PCRA court's April 13, 2022 order. A defective notice of appeal, listing an incorrect date, does not prevent us from reviewing this appeal. *See Commonwealth v. One 1988 Ford Coupe VIN No. 1FABP41A9JF143651*, 574 A.2d 631, 633 n.1 (Pa. Super. 1990) (error in notice of appeal stating incorrect date on which order was entered was harmless).

Apart from listing an incorrect date, the Commonwealth's notice of appeal was timely because the Commonwealth filed it within 30 days of the April 13, 2022 order. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order from which appeal taken).

On appeal, the Commonwealth argues the PCRA court erred in granting Ezell's PCRA petition. Specifically, the Commonwealth contends plea counsel was not ineffective by not securing a written agreement with the federal government to not prosecute and/or not providing Ezell documentation from AUSA Behe regarding the alleged agreement.

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not

be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (internal quotation marks and citations omitted).

We presume counsel is effective, and a PCRA petitioner bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. **See Strickland v. Washington**, 466 U.S. 668, 687-88 (1984); **Commonwealth v. Kimball**, 724 A.2d 326, 330-332 (Pa. 1999). Ezell had to demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate

his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *See id*. at 1163. Where, as here, the petitioner pleaded guilty, in order to satisfy the prejudice requirement, he had to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, 899 A.2d at 370 (citation omitted).

The Commonwealth boldly states in one sentence that Ezell "is unable to establish arguable merit to his claim, that trial counsel did not have a reasonable strategy, or prejudice." Appellant's Brief, at 11. Other than this passing statement to the elements of the test for ineffectiveness, the Commonwealth fails to cite to any case law discussing the test, nor does it actually discuss any of the elements in further detail.

Instead, the Commonwealth argues Ezell did not establish his suppression claim is still viable, *see* Appellant's Brief, at 10;[1] Ezell's statement that he would have gone to trial instead of pleading guilty was based on an "erroneous" belief that he could still be indicted federally despite the guilty

---

[1] The Commonwealth does not explain how the current viability of a suppression claim is relevant to a determination of whether a guilty plea was properly entered in the first place.

plea, *Id*. at 11; and that Ezell was informed of the agreement in writing. ***See***

***id***. (citing to emails that are attached to the appellate brief, but were never

admitted into evidence, and are not a part of the certified record).

The Commonwealth then spends a considerable amount of its brief

discussing contract law. ***See*** Appellant's Brief, at 12-13. However, the PCRA

court made clear that its reasoning did not hinge on whether or not a valid

contract was created:

> [COMMONWEALTH]: … But, you know, as to whether there was a
> written contract or anything, there are emails between -- I believe
> it was referenced at least between [plea counsel] and [AUSA]
> Behe, and it is the petitioner's burden to, you know, establish his
> claims.
>
> THE COURT: But how relevant are the communications between
> [plea counsel] and [AUSA] Behe if those communications weren't
> effectively communicated with the client in this case?
>
> [COMMONWEALTH]: Well, I think they were in tandem, kind of by
> a telephone system. [AUSA Behe] and [plea counsel] come to an
> agreement. It's a verbal agreement. It doesn't have to be written.
>
> THE COURT: But [plea counsel] is not the party to the agreement
> --
>
> [COMMONWEALTH]: Well --
>
> THE COURT: -- [Ezell] is.
>
> [COMMONWEALTH]: The attorney regularly creates offers with the
> Commonwealth and then presents them to his client.
>
> THE COURT: And if in this case that was in letter form, and that
> letter was shared with [Ezell] and was then able to either accept
> it or ask valid questions on it it would be a slam dunk on your side
> to say that he was fully informed, he made a conscious decision -
>
> [COMMONWEALTH]: Okay. Sure.

THE COURT: -- and he stuck with it. But in this case, since [Ezell] was, according to him, relying upon the judgment of his attorney, which quite possibly may play out to be very wise; however, he was never really given the communications from [AUSA] Behe nor was there a letter confirming that indeed if they took this plea there'd be no federal prosecution, that would be ironclad. But that's missing as well, is it not?

[COMMONWEALTH]: I would just respond to that, Your Honor, going down this contract hole as to [parol] evidence that the agreement was -- I mean, fully manifested and attested to here. So there really can't be any other evidence presented here because there's no fraud in the inducement alleged or anything like that.

THE COURT: Except we're talking PCRA and the duty of the attorney to fully inform the client and to have the client make the decision. The one agreement there seems to be between the two is [plea counsel] made what is, in his mind, a prudent decision to protect his client, but he's not able to show the correspondence that documents that his client fully understood.

And again, you don't have to talk about the terms of dual sovereignty, but you have to understand that the state does not [bind] the federal, federal government doesn't bind the state. And there's nuances that were not communicated with the defendant before he entered his plea. And that's the snag that I'm having trouble getting around.

N.T., PCRA Hearing, 4/13/22, at 37-39.

As the Commonwealth did not center its argument on any of the ineffectiveness prongs, we could find its claim waived for failure to sufficiently develop its argument on appeal. *See Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020). However, even if not waived, we conclude the transcript of the PCRA evidentiary hearing supports the PCRA court's determination, and find no reason to disturb the court's credibility

determinations. "We emphasize that our standard of review requires that we grant great deference to the trial court and affirm its orders if supported by the record, even though the record may support a contrary result." ***Rathfon***, 899 A.2d 365, 370 (Pa. Super. 2006).

The record reveals that even though the evidence against Ezell in state court would be suppressed and his charges *nolle prossed*, similar to his co-defendants, Ezell instead pled guilty based on the advice of counsel to plead to avoid federal charges; that counsel admitted he did not provide Ezell with any written confirmation of an agreement with AUSA Behe; that no agreement was made directly between Ezell and AUSA Behe; and that counsel admits he did not explain the concept of dual sovereignty, specifically or otherwise, to Ezell, such that Ezell did not understand that, by law, he could still be indicted federally despite the alleged conversations with AUSA Behe.

The Commonwealth argues on appeal that a written, enforceable contract was formed between plea counsel and AUSA Behe, citing emails between plea counsel and AUSA Behe. However, these emails were not presented to the PCRA court prior to its decision and are not a part of the certified record:

> Since the time of the PCRA hearing, both US Attorney Behe and [plea counsel] have provided undersigned counsel with written emails evidencing this agreement. Undersigned counsel contacted [Ezell's appellate counsel] as well as chambers, seeking to supplement the record with these emails pursuant to Pa.R.A.P. 1926, but [Ezell's appellate counsel] objected. Therefore, undersigned counsel has appended these emails to this brief, which bear strong indicia of reliability. Counsel for the

- 10 -

> Commonwealth is willing to obtain affidavits from US Attorney Behe and [plea counsel] authenticating the emails if this Honorable Court requires.

Appellant's Brief, at 14. The Commonwealth therefore waived the issue of their relevance to Ezell's claims. **See** Pa.R.A.P. 302(a). Further, even if it had not been waived, their absence from the certified record precludes our review of them. **See Commonwealth v. Brown**, 161 A.3d 960, 968 (Pa. Super. 2017).

Additionally, it is within the province of the PCRA court to make credibility determinations, and the PCRA court clearly believed Ezell when he testified that he would not have pled guilty had he known there was a possibility he could still be indicted federally and receive time on top of his state sentence. **See** PCRA Court Opinion, at 9.[2]

On this record, we cannot say the PCRA court abused its discretion in granting PCRA relief, and vacating judgment of sentence. Accordingly, we affirm the order entered below.

Order affirmed. Jurisdiction relinquished.

Judge Pellegrini joins the memorandum.

_____

[2] The Commonwealth briefly notes the federal statute of limitations for non-capital offenses has run. **See** Appellant's Brief, at 11. But the Commonwealth does not provide any analysis of how this impacts our analysis. It has therefore waived any argument on this point by failing to develop it. In any event, we observe that the federal limitation period begins to run from the date of the offense. **See** 18 U.S.C. § 3282(a). Here, Ezell's charges arose from police finding him in possession of various contraband on January 24, 2017. **See** N.T., Guilty Plea Hearing, 6/19/18, at 6. Therefore, when Ezell filed his petition, and when the PCRA court issued its decision, which is currently under review, the federal limitation period had not yet expired.

- 11 -

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2023